IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRIAN C. MORGAN,

        Petitioner,

v.                              CIVIL ACTION NO.   2:13-cv-20212

DAVID BALLARD,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

On July 16, 2013, Petitioner Brian C. Morgan filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF 2.)   By Standing Order entered on April 8, 2013, and filed in this case on July 25, 2013, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R) pursuant to 28 U.S.C. § 636(b)(1)(B).   On August 12 and 13, 2014, Magistrate Judge VanDervort submitted two PF&Rs [ECF 34, 36] addressing, respectively, Defendant David Ballard's motion for summary judgment [ECF 20] and Plaintiff's motion for summary judgment [ECF 24].

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   In addition, this Court need not conduct a de novo review when a petitioner "makes general and conclusory

objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the August 12 and 13, 2014, PF&Rs were due, respectively, on August 29 and September 2, 2014. Petitioner filed timely objections to the PF&Rs.[1] (ECF 37, 39, 40.) Petitioner's' objections are lengthy and largely reiterate challenges and claims he made in the course of the state court proceedings. Petitioner principally asserts, as he did in his state habeas case, that his lawyer rendered constitutionally ineffective legal assistance by failing to obtain an independent second psychological evaluation to determine whether Petitioner was mentally competent and criminally responsible for his crimes.

Petitioner's claims cannot be granted unless the claims

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

---

[1] One of these filings, ECF 37, appears to be an additional response by Plaintiff to Defendant's motion for summary judgment. Because ECF 37 was filed after the filings of the two PF&Rs, the Court will consider the substance of Plaintiffs' arguments as objections to the PF&Rs. This disposition appears to be in concert with Petitioner's wishes.

As noted in the PF&R, Petitioner raised the claim that his lawyer was deficient in not seeking a second psychological evaluation in his 2010 state habeas case. The state court conducted an evidentiary hearing in that case and specifically rejected Petitioner's claim that his lawyer gave constitutionally ineffective assistance of counsel by failing to procure the second psychological evaluation. *See* Jackson County, West Virginia November 17, 2011, Judgment Order (ECF 35–1 at 11–16.) And the West Virginia Supreme Court of Appeals later affirmed the state court order. *Morgan v. Ballard*, No. 11–1677, 2013 WL 149602 at *8–10 (W. Va. Jan. 14, 2013). The decisions of the West Virginia courts, which twice addressed–and rejected–the merits of the challenge Petitioner presents here, are presumptively correct. Petitioner has offered nothing that rebuts the presumption of the correctness of the state court decisions. Moreover, for the reasons discussed in the thorough PF&R, the Court does not find that Petitioner's state habeas claims resulted in state court decisions that were unreasonable applications of clearly established federal law as determined by the United States Supreme Court.

In addition to his objection to the PF&R's recommendation on the ineffective assistance of counsel claim, Petitioner also objects to the PF&R's recommendations with respect to Petitioner's challenge to the admission at trial of evidence pursuant to West Virginia Rule of Evidence 404(b) and the state court's resolution of Petitioner's *Miranda* challenge. Petitioner also offers a factual clarification for a statement he made. The PF&R correctly addressed Petitioner's Rule 404(b) and *Miranda* contentions; his factual clarification is inconsequential to the PF&R's ultimate recommendations.

For the reasons set forth herein, the Court **ADOPTS** the PF&R, **OVERRULES** Plaintiff's objections, **GRANTS** Defendant Ballard's motion for summary judgment [ECF 20], **DENIES**

Plaintiff's motion for summary judgment [ECF 24], **DISMISSES** this case, and **DIRECTS** the Clerk to remove this case from the Court's docket.

The Court has also considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will be granted only if there is "a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–83 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2254, Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. The Court thus **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 15, 2014

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE