IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRIAN C. MORGAN,

        Plaintiff,

v.                                           CIVIL ACTION NO.   2:13-cv-20212

DAVID BALLARD,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Petitioner's two Supplemental Objections, (ECF 45 & 46), and Motion for Certificate of Appealability, (ECF 47). On July 16, 2013, Petitioner filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF 2.) By Standing Order entered on April 8, 2013, and filed in this case on July 25, 2013, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations for disposition ("PF&R"). (ECF 5.) On August 12 and 13, 2014, Magistrate Judge VanDervort filed two PF&Rs, (ECF 34 & 36), addressing, respectively, Defendant's motion for summary judgment, (ECF 20), and Plaintiff's motion for summary judgment, (ECF 24). Both PF&Rs included the following language:

> The parties are notified that this Proposed Findings and Recommendation is hereby filed, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)B), and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written

1

> objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.
>
> Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

(ECF 34 at 55–56; ECF 36 at 2.) By its Memorandum Opinion and Order, dated September 15, 2014 (the "Opinion"), this Court overruled Petitioner's objections to the PF&Rs, (ECF 37, 39, 40), adopted both PF&Rs, (ECF 34 & 36), granted Defendant's motion for summary judgment, (ECF 20), denied Plaintiff's motion for summary judgment, (ECF 24), denied a certificate of appealability, and dismissed this case. (ECF 41.) On the same day, the Court filed a judgment order reflecting these holdings. (ECF 42.) Following the filing of the Opinion, Petitioner filed the two Supplemental Objections on September 22, 2014. (ECF 45 & 46.) Petitioner then filed the Motion for Certificate of Appealability on October 20, 2014. (ECF 47.)

Regarding the two Supplemental Objections, (ECF 45 & 46), the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to the August 12, 2014 PF&R were due by August 29, 2014, and objections to the August 13, 2014 PF&R were due by September 2, 2014. (*See* ECF 34 at 55–56; ECF 36 at 2.)

2

Plaintiff filed the two Supplemental Objections after these dates—and after the Court's Opinion adopting the PF&Rs. As such, both Supplemental Objections are **OVERRULED** as both **UNTIMELY** and **MOOT**.

As to Petitioner's Motion for Certificate of Appealability, (ECF 47), the Court liberally construes this filing as a motion to reconsider the Court's denial of a certificate of appealability in the Opinion, (*see* ECF 41 at 4). *See generally Oiler v. United States*, Civil Action No. 5:08–cv–00995, 2009 WL 1073639, at *2 (S.D. W. Va. Apr. 21, 2009) (stating that a pro se litigant's "filings will be accorded liberal construction" (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978))). "A motion to reconsider may be granted for any of three reasons: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence . . . ; or (3) to correct a clear error of law or prevent manifest injustice.'" *Wallace v. United States*, Civil Action No. 5:04-cv-00732, 2008 WL 4821007, at *1 (S.D. W. Va. Nov. 3, 2008) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)).

Petitioner does not argue that there was a change in the controlling law, or that new evidence is available. (*See* ECF 47.) Rather, Petitioner simply argues that the Court's previous ruling was wrong and the "Court is not a doctor or scientist to evaluate [Petitioner] by their skeptical beliefs or doubts of reality or truths." (*Id.*) The Court does not find that its prior ruling denying a certificate of appealability was a "clear error of law," or that it should reconsider this ruling to "prevent manifest injustice." *See Wallace*, 2008 WL 4821007, at *1 (providing the motion to reconsider standard). Accordingly, the Court **DENIES** the Motion for Certificate of Appealability.[1]

---

[1] As the Court noted in the Opinion, "[p]ursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2254, Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from

For the reasons discussed above, the Court **OVERRULES** as **UNTIMELY** and **MOOT** Petitioner's Supplemental Objections, (ECF 45 & 46), and **DENIES** Petitioner's Motion for Certificate of Appealability, (ECF 47).

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:     June 12, 2015

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

the court of appeals under Federal Rule of Appellate Procedure 22." (ECF 41 at 4.)