# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

| | |
|---|---|
| **BRIAN C. MORGAN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Civil Action Nos. 2:13-20212 |
| ) | |
| **DAVID BALLARD, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) Petitioner's "Motion to Re-open Judgment Rule 60(B)(6) and for Certified Question to the Fourth Circuit of Appeals, and Appointment of Counsel" (Document No. 50), filed on October 6, 2021; and (2) Petitioner's "Motion for Leave to File Amended Motion for Relief of Judgment Rule 60(b)(6), Motion for Briefing Scheduling Order, and Motion for Certified Questions" (Document No. 51), filed on December 13, 2021. Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court deny Petitioner's above Motions.

## PROCEDURAL HISTORY

On June 27, 2007, the Grand Jury of Jackson County, West Virginia, returned an Indictment against Petitioner, charging him with 5 counts of First Degree Sexual Assault in violation of West Virginia Code § 61-8B-3(a)(2) (Counts 1 - 5), and 10 counts of Possession of Child Pornography in violation of West Virginia Code § 61-8C-3 (Counts 6 - 15). State v. Morgan, Criminal Action No. 07-F-46 (Cir. Ct. Jackson Co. March 24, 2009); (Document No. 20-1.) On March 19, 2008, following a two day jury trial, Petitioner was convicted of all counts. (Document

No. 20-10, pp. 509 - 512.) By Order entered on June 11, 2008, and subsequently corrected by Order entered on March 24, 2009, Petitioner was sentenced to a combined term of thirty-four (34) to seventy-four (74) years of incarceration. (Document No. 20-2.)

On July 10, 2009, Petitioner, by counsel, J.L. Hickok, filed his Petition for Appeal with the West Virginia Supreme Court of Appeals, raising the following assignments of error:

1. The Court erred in finding Petitioner's statement to the police to be voluntarily given and admissible into evidence since the setting for the statement was clearly custodial.

2. The Court erred in finding Petitioner's statement to the police to be voluntarily given and admissible into evidence since Petitioner's diminished capacity to understand the officers led him to believe that they were trying to help him and not punish him.

3. The Court erred in finding Petitioner's statement to the police to be voluntarily given and admissible into evidence since Petitioner's answers indicate that he was not voluntarily confessing.

4. Use of Petitioner's involuntary statement against him was a denial of due process, and therefore, he is entitled to a new trial.

(Document No. 20-3.) The West Virginia Supreme Court refused Petitioner's Petition for Appeal by Order entered on October 29, 2009. (Document No. 20-4.)

On May 16, 2010, Petitioner, acting *pro se*, filed a Petition for Writ of *Habeas Corpus* in the Circuit Court of Jackson County. Morgan v. Ballard, Civil Action No. 10-C-67 (Cir. Ct. Jackson Co. Nov. 19, 2011); (Document No. 2, pp. 2 - 3 and Document No. 20-6, p. 12.) The Circuit Court appointed Matthew A. Victor as *habeas* counsel. (Document No. 20-6, p. 29.) On June 28, 2010, Mr. Victor filed an Amended *habeas* Petition on behalf of Petitioner. (Id.) Petitioner raised the following grounds for *habeas* relief:

1. Ineffective Assistance of counsel:

  a. Failure to seek an independent mental competency, criminal responsibility and diminished capacity evaluation;
  b. Failure to protest petitioner's desire to testify;
  c. Failure to hold a hearing on voluminous evidence which petitioner believed should have been excluded pursuant to Rule 404(b);
  d. Counsel failed to recognize problems with petitioner's involuntary confession as addressed in <u>Missouri v. Seibert</u>, 542 U.S. 600 (2004);
  e. Failure to raise the issue of prompt presentment;
  f. Allowing Dr. Ralph Smith to perform the competency and criminal responsibility evaluation and draft the post-trial report;
  g. Abandonment of petitioner's motion to examine the victim;
  h. Failure to interview the victim;
  i. Failure to challenge the seating of biased jurors;
  j. Introduction of evidence of an additional assault upon the victim by the petitioner; and
  k. Failure to argue that conviction of ten counts of possession of distribution and exhibiting of material depicting minors engaged in sexually explicit conduct, W. Va. Code § 61-8C-3, should have been limited to one count thereby violating the double jeopardy prohibition.

(<u>Id.</u>) An omnibus hearing was conducted on February 14, 2011. (Document No. 20-6, p. 12.) The Circuit Court heard testimony from D.W. Bostic, Petitioner's trial counsel. (<u>Id.</u>, p. 30.) After addressing the merits of the above claims, the Circuit Court denied Petitioner's Petition for Writ of *Habeas Corpus* by Order entered November 19, 2011. (Document No. 2, p. 3.)

  On January 3, 2012, Petitioner, by counsel, Matthew A. Victor , filed a Petition for Appeal from the Circuit Court's decision, raising the following grounds:

  1. Ineffective Assistance of counsel:
    a. Failure to seek an independent mental competency, criminal responsibility and diminished capacity evaluation;
    b. Failure to protest petitioner's desire to testify, resulting in disastrous testimony;
    c. Failure to hold a hearing on voluminous evidence which petitioner believed should have been excluded pursuant to Rule 404(b) of the West Virginia Rules of Evidence;
    d. Failure to require notice of the alleged Rule 404(b) evidence;

  e. Failure to recognize problems with petitioner's confession as addressed in *Missouri v. Seibert*, 542 U.S. 600, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004);
  f. Allowing Dr. Ralph Smith to perform the competency and criminal responsibility evaluation and draft the post-trial report;
  g. Failure to raise the issue of prompt presentment;
  h. Abandonment of petitioner's motion to examine the victim;
  i. Failure to interview the victim'
  j. Failure to challenge the seating of biased jurors;
  k. Introduction of evidence of an additional assault upon the victim by the petitioner; and
  l. Failure to argue that conviction of ten counts of possession of distribution and exhibiting of material depicting minors engaged in sexually explicit conduct, W. Va. Code § 61-8C-3, should have been limited to one count thereby exposing petitioner to double jeopardy.

(Document No. 20-7.). By Memorandum Decision entered on January 14, 2013, the West Virginia Supreme Court of Appeals affirmed the decision of the Circuit Court. (Id.); Morgan v. Ballard, 2013 WL 149602 (W.Va. Jan. 14, 2013).

On July 16, 2013, Petitioner, an inmate at Mount Olive Correctional Complex ["MOCC"], and acting *pro se*, filed his Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody and an Application to Proceed *in Forma Pauperis*.[1] (Document Nos. 1 and 2.) Petitioner alleges the following grounds for *habeas* relief:

1. The constitutional guarantee against double jeopardy, as secured by the Fifth Amendment to the Constitution of the U.S.A. was violated when petitioner was indicted, tried and convicted for ten violations of W. Va. Code § 61-8C-3 and when the Circuit Court imposed consecutive sentences.

2. Petitioner was denied meaningful and effective assistance of counsel as secured by the First, Sixth, Eighth and Fourteenth Amendments to the

---

[1] Because Petitioner acted *pro se* initially in this matter, the documents which he has filed in this case will be held to a less stringent standard than if they were prepared by a lawyer and therefore, they will be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

       Constitution of the U.S.A. by the acts of commission and the acts of omission of William D. Bostic, defense counsel.

       (a)     William T. Bosic failed to seek an independent mental competency, criminal responsibility and diminished capacity assessment.

       (b)     Mr. Bostic failed to protest petitioner's desire to testify.

       (c)     Mr. Bostic failed to demand a hearing on voluminous evidence which should have been excluded pursuant to Rule 404(b), West Virginia Rules of Evidence.

       (d)     Mr. Bostic failed to seek the suppression of the petitioner's statement for violation of the prompt presentment rule.

       (e)     Mr. Bostic allowed Dr. Ralph Smith to perform the competency and criminal responsibility evaluation and draft the post-trial report.

       (f)     Mr. Bostic abandoned petitioner's motion to examine the victim.

       (g)     Mr. Bostic failed to interview the petitioner's cousin, R.M.

       (h)     Mr. Bostic failed to challenge the seating of biased jurors.

       (i)     Mr. Bostic introduced evidence of an additional assault upon R.M. at his grandmother's residence by the petitioner.

       (j)     Defense counsel failed to contest the convictions for ten separate distinct violations of W. Va. Code § 61-8C-3, which should have constituted no more than one count to avoid a violation of the constitutional prohibition against double jeopardy.

       (k)     Defense counsel did not recognize an obvious constitutional problem with the petitioner's confession, the issue having been previously resolved by the U.S. Supreme Court in Missouri v. Seibert, 542 U.S. 600 (2004).

3.     Petitioner was denied a fair and impartial jury trial as secured by the Sixth Amendment to the Constitution of the U.S. when the panel of prospective jurors included biased jurors.

    4.        Petitioner's constitutional right against self-incrimination as secured by the Fifth and Fourteenth Amendments to the Constitution of the U.S.A. was violated by the admission at petitioner's trial of an involuntary confession.

    5.        Petitioner was denied due process of law as secured by the 5th and 14th Amendments to the Constitution of the U.S.A. and equal protection of the laws as secured by the 14th Amendment to the Constitution of the U.S.A. when petitioner was not promptly presented to the Magistrate.

    6.        Petitioner should never have been prosecuted under W. Va. Code § 61-8C-3, distribution and exhibiting of material depicting minors engaged in sexually explicit conduct, because the statute is so clearly imprecise on its face that the language cannot be saved by any reasonable construction.

(Document No. 2, pp. 4 - 14.) By Order entered on December 5, 2013, the undersigned denied Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 2.) and directed Petitioner to pay the $5.00 filing fee. (Document No. 11.) Petitioner paid the $5.00 filing fee on December 17, 2013. (Document No. 15.) By Order entered on December 18, 2013, the undersigned directed Respondent to show cause, if any, why Petitioner's Petition should not be granted. (Document No. 16.)

    On January 21, 2014, in response to the Court's Order, Respondent filed his Answer, Motion for Summary Judgment and Memorandum in Support thereof with Exhibits. (Document Nos. 19 - 21.) As Exhibits, Respondent attaches the following: (1) A copy of Petitioner's Indictment as filed in State v. Morgan, Case No. 07-F-46 (Cir. Ct. Jackson Co.) (Document No. 20-1.); (2) A copy of the Amended Sentencing Order dated March 16, 2010 (Document No. 20-2.); (3) A copy of the Petitioner's Petition for Appeal as filed with the West Virginia Supreme Court of Appeal on July 31, 2009 (Document No. 20-3.); (4) A copy of the West Virginia Supreme Court of Appeal's Order refusing Petitioner's Petition for Appeal (Document No. 20-4.); (5) A copy of Petitioner's "Petition for Appeal from Denial of Petition for a Writ of Habeas Corpus" as

filed with the West Virginia Supreme Court on January 3, 2012 (Document No. 20-5.); (6) A copy of the "Brief of Respondent State of West Virginia" as filed with the West Virginia Supreme Court of Appeals on March 19, 2012 (Document No. 20-6.); (7) A copy of the West Virginia Supreme Court's "Memorandum Decision" dated January 14, 2013 (Document No. 20-7.); (8) A copy of the transcript of the Competency Hearing as conducted on September 24, 2007 (Document No. 20-8.); (9) A copy of the transcript of the Suppression Hearing as conducted on October 1, 2007 (Document No. 20-9.); (10) A copy of the Trial Transcript (Document No. 20-10.); (11) A copy of the Sentencing Transcript (Document No. 20-11.); (12) A copy of the Habeas Corpus Transcript (Document No. 20-12.); and (13) A copy of the Circuit Court's Competency Order dated August 16, 2007, and Psychiatric Evaluation dated April 13, 2007 (Document No. 20-13.).

On January 22, 2014, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's Motion for Summary Judgment. (Document No. 22.) On February 19, 2013, and July 18, 2014, Petitioner filed his Responses in Opposition. (Document Nos. 24 and 29.) By Proposed Findings and Recommendation entered on August 12, 2014, United States Magistrate Judge R. Clarke VanDervort recommended that Respondent's Motion for Summary Judgment be granted and Petitioner's Section 2254 Petition be dismissed. (Document No. 34.) On August 13, 2014, Judge VanDervort filed a Supplemental Proposed Findings and Recommendation that Petitioner's Motion for Summary Judgment be denied. (Document No. 36.) Petitioner filed his Objections on August 19, 2014 and August 21, 2014. (Document Nos. 39 and 40.) By Memorandum Opinion and Order entered on September 15, 2014, United States District Judge Thomas E. Johnston adopted Judge VanDervort's recommendation, granted Respondent's Motion for Summary

7

Judgment, denied Petitioner's Motion for Summary Judgment, and dismissed the above action. (Document Nos. 41 and 42.) On September 22, 2014, Petitioner filed additional Objections to Judge VanDervort's Propose Findings and Recommendation. (Document No. 45 and 46.) On October 20, 2014, Petitioner filed a Motion for Certificate of Appealability. (Document No. 47.) By Memorandum Opinion and Order entered on June 12, 2015, Judge Johnston denied Petitioner's Motion for Certificate of Appealability and overruled the Objections as untimely and moot. (Document No. 48.)

On October 4, 2021, Petitioner filed a Motion to File Amicus Brief and for Appointment of Counsel. (Document No. 49.) On October 6, 2021, Petitioner filed a "Motion to Re-open Judgment Rule 60(B)(6) and for Certified Question to the Fourth Circuit of Appeals, and Appointment of Counsel." (Document No. 50.) On December 13, 2021, Petitioner filed a "Motion for Leave to File Amended Motion for Relief of Judgment Rule 60(b)(6), Motion for Briefing Scheduling Order, and Motion for Certified Questions." (Document No. 51.)

## ANALYSIS

1. **Motions to Reopen Pursuant to Rule 60(b)(6):**

In his Motions to Reopen, Petitioner requests that the above action be reopened so that Petitioner can assert a new *habeas* claim. (Document No. 50, pp. 1 – 3 and Document No. 51.) Petitioner explains that he filed in Jackson County Circuit Court a second State *habeas* petition initiating Case No. 19-C-33. (Id.) Petitioner claims that he filed his second State *habeas* petition following the United States Supreme Court's decision in McCoy v. Louisiana, ___ U.S. ___, 138 S.Ct. 1500, 200 L.Ed.2d 821 (2018). (Document No. 51, p. 1.) Movant states that the Circuit Court appointed counsel and directed that counsel file an Amended Petition on the McCoy issue.

(Document Nos. 50 and 51.) Petitioner, however, contends that appointed counsel did not brief the McCoy issue and "abandoned Petitioner by failing to object to Respondent's Motion for Summary Judgment." (Id.) Thus, Petitioner states that the Circuit Court denied his second *habeas* petition. (Id.) Citing Morgan v. Ames, 2021 W. Va. Lexis 225 (May 20, 2021), Petitioner states that the West Virginia Supreme Court of Appeals affirmed the Circuit Court's denial of *habeas* relief. (Document No. 50, p. 1.) Petitioner states that he requested a rehearing, but such was denied by the West Virginia Supreme Court of Appeals. (Id., p. 2.) Petitioner further notes that he filed with the Circuit Court a Rule 60(b)(6) Motion, but such is still pending before the Circuit Court. (Id., pp. 2 and 4.) Therefore, Petitioner contends that he should be allowed to proceed with the McCoy claim before this Court pursuant to a Rule 60(b)(6) Motion. (Id., pp. 2 – 8.)

Citing McCoy, Petitioner states that "a defendant who elects to be represented . . . does not 'surrender control entirely to counsel.'" (Id., pp. 2 – 3.) Petitioner acknowledges that McCoy is "simply an offspring case" of Faretta v. California, 422 U.S. 806, 820, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). (Id.) Based on McCoy, Petitioner asserts that he now wishes to challenge trial counsel's failure to pursue Petitioner's "defense of diminished capacity, despite Petitioner's objection." (Id., p. 3.) Petitioner states that "[i]n McCoy, the Supreme Court held that attorneys may make 'strategic choices about how best to achieve a client's objections,' but the client reserves the 'autonomy to decide that the objective of the defense is to assert innocence.'" (Id.) Petitioner further argues that this issue should not be considered procedurally defaulted because he asserted this issue in his second State *habeas* petition, the Circuit Court appointed counsel and directed counsel to brief the McCoy claim, and appointed counsel failed to comply. (Id., p. 5.) Finally,

Petitioner contends that his case is similar to Lind v. Ballard, 2:14-cv-26284 (S.D.W.Va.)[2] and Widmyer v. Ballard, Appeal No. 21-7378 (4th Cir.).[3] (Id.)

Rule 60(b) of the Federal Rules of Civil Procedure "invest[s] federal courts with the power in certain restricted circumstances to vacate judgments whenever such action is appropriate to accomplish justice." Compton v. Alton S.S. Co., 608 F.2d 96, 101-02 (4th Cir. 1979)(citation and internal quotation omitted). Specifically, Rule 60(b) allows a civil litigant to seek relief from a final judgment and request the reopening of his case based on the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[2] The procedural posture of *Lind v. Ballard*, 2:14-cv-26284 (S.D.W.Va.) differs from the instant case as Mr. Lind's Section 2254 action was open and ongoing when he requested permission to supplement his Section 2254 petition. In *Lind*, the Petitioner filed a motion for leave to supplement his Section 2254 petition and motion for a stay and abeyance following the United States Magistrate Judge's entry of her Proposed Findings and Recommendation. *Lind v. Ballard*, 2:14-cv-26284 (S.D.W.Va.), Document Nos. 99 and 104. In support of the motion to supplement, petitioner requested leave to amend his Section 2254 petition to include allegations that his trial counsel failed to investigate mitigating evidence and violated petitioner's autonomy to make a fundamental choice about his own defense. *Id.*, Document No. 104. Petitioner acknowledged these two claims were unexhausted, but were currently pending exhaustion in the West Virginia Supreme Court of Appeals. *Id.* The District Court granted petitioner's motion to supplement and motion to stay. *Id.*, Document No. 105.

[3] In. *Widmyer v. Ballard*, 2021 WL 4255616 (N.D.W.Va. Sept. 17, 2021), the District Court denied Mr. Widmyer's Rule 60(b) Motion finding that each ground asserted therein were subject to the requirements of successive habeas applications. Mr. Widmeyer filed an appeal with the Fourth Circuit. In this appeal, Mr. Widmyer argues as follows: (1) "The District Court erred in finding Petitioner's Rule 60(b)(6) Motions were not true Rule 60(b) Motions;" (2) "The Court erred in denying Petitioner's request for a stay pending a ruling in Lind v. Ballard, Civil Action No. 2:14-cv-26284; and (3) "The District Court erred in ruling on certified questions." *See Widmyer v. Ballard*, Appeal No. 21-7378 (4th Cir.), Document No. 5. The appeal is still pending before the Fourth Circuit.

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(6), the provision that Petitioner relies upon, "permits reopening when the movant shows any reason justifying relief from the operation of the judgment other than the more specific circumstances set out in Rule 60(b)(1) – (5)." Gonzalez v. Crosby, 545 U.S. 524, 529, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). A Rule 60(b) motion must be filed within a reasonable time. Fed. R. Civ. P. 60(c)(1). Finally, "[t]he remedy provided by the Rule . . . is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton, 608 F.2d at 102.

In Richardson v. Thomas, 930 F.3d 587 (4th Cir. 2019), the Fourth Circuit recently addressed the issue of 28 U.S.C § 2244(b)'s statutory prohibition against the filing of successive *habeas* petitions and the availability of Rule 60(b) to petitioners requesting the reopening of federal *habeas* proceedings. Richardson v. Thomas, 930 F.3d 587, 595 (4th Cir. 2019). The Fourth Circuit noted that "the United States Supreme Court has 'firmly reined in' the availability of Rule 60(b) to a prisoner who seeks to reopen a final judgment issued in his federal habeas proceedings" due to Section 2244(b)'s statutory prohibition against successive *habeas* petitions. Id.(citing Moses v. Joyner, 815 F.3d 163, 168 (4th Cir. 2016). Citing Gonzales, the Fourth Circuit notes that the Supreme Court held that Rule 60(b) had valid, but narrow, role to play in *habeas* cases. Id.(citing Gonzales, 545 U.S. at 531, 125 S.Ct. 2641). Specifically, the Fourth Circuit explained as follows:

11

The *Gonzales* analysis of the interplay between § 2244(b) and Rule 60(b) is important, and it reflects the unquestionable primacy of § 2244(b). A habeas petitioner is precluded from utilizing Rule 60(b) to assert a federal habeas "claim" as that term is used in § 2244(b) – that is, "an asserted federal basis for relief from a state court's judgment of conviction." *Gonzales*, 545 U.S. at 530, 125 S.Ct. 2641. A motion that seeks to present a claim of constitutional error that was omitted from the prior habeas petition, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied, or a motion that "contend[s] that a subsequent change in substantive law is a 'reason justifying relief,'" must be dismissed. *Id.* at 531, 125 S.Ct. 2641 (*quoting* Fed. R. Civ. P. 60(b)(6)). "[S]uch a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Id.* at 531, 125 S.Ct. 2561.

Thus, "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents [the Antiterrorism and Effective Death Penalty Act's (AEDPA)] requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.* at 531, 125 S.Ct. 2641(citing 28 U.S.C. § 2244(b)(2)). "The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated … ." *Id.* And, allowing such claims to proceed under "Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Id.* at 532, 125 S.Ct. 2641(citing 28 U.S.C. § 2244(b)(3)).

Applying this clear guidance, the determination of whether a Rule 60(b) motion presents a habeas claim is "relatively simple." *Id.* If the Rule 60(b) motion raises a new ground for relief from the prisoner's state court conviction, it must be dismissed. And if the motion "attacks the federal court's previous resolution of a claim on the merits," it must also be dismissed. *Id.*; *see also id.* at 532 n.4, 125 S.Ct. 2641(When the movant asserts "that there exist . . . grounds entitled [him] to habeas corpus relief under 28 U.S.C § 2254(a) and (d)," or "asserts that a previous ruling regarding one of those grounds was in error," he is seeking to raise a habeas corpus claim in a Rule 60(b) motion.). The narrow role carved out in *Gonzalez* for Rule 60(b) motions in the habeas context, in contrast, allows a district court to reopen nonmerits-based denials or dismissals of a state prisoner's federal habeas petition or claim, which resulted in no federal court having considered the merits of the claim at all. The Rule 60(b) movant is not raising a new habeas corpus claim, or attacking the federal court's previous denial of the claim on the merits, when he "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532, 125 S.Ct. 2641 n.4.

Accordingly, when presented with a Rule 60(b) motion in a habeas proceeding, the district court's first inquiry must be to "decide whether [the] Rule 60(b) motion filed by [the] habeas petitioner is a 'habeas corpus application' as [§ 2244(b)] uses that term." *Id.* at 530, 125 S.Ct. 2641. "If so, the court must either

12

dismiss the motion for lack of jurisdiction or transfer it to this court so that we may perform our gatekeeping function under § 2244(b)(3)." *Winestock*, 340 F.3d at 207.

Id. at 595-96.

In his instant Rule 60(b) Motion, Petitioner is requesting that this Court consider a new *habeas* claim. Petitioner claims that based upon McCoy v. Louisiana, ___ U.S. ___, 138 S.Ct. 1500, 200 L.Ed.2d 821 (2018), Petitioner's trial counsel was ineffective in failing to pursue Petitioner's "defense of diminished capacity, despite Petitioner's objection."[4] Movant explains that following the Supreme Court's 2018 decision in McCoy, he filed a second State *habeas* petition asserting the forgoing claim. Petitioner, however, complains that the Circuit Court improperly denied his second *habeas* petition and the West Virginia Supreme Court of Appeals affirmed the Circuit Court's judgment. Petitioner is clearly relying upon a 2018 Supreme Court decision (McCoy), which was decided approximately 3 years and eight months after the dismissal of his Section 2254 Petition (September 15, 2014). The undersigned finds that Petitioner is not asserting that this Court made a previous and "nonmerits-based" denial or dismissal of the above claim based on failure to exhaust, procedural default, or untimeliness. The undersigned finds that Petitioner is requesting that this Court consider a new *habeas* claim pursuant to Rule 60(b), which would impermissibly circumvent the AEDPA's requirement that a successive petition be precertified by the Fourth Circuit as falling within an exception to the successive-petition bar. Accordingly, the undersigned will consider whether this Court should (1) dismiss the motion for

---

[4] In his Section 2254 Petition, Petitioner argued that trial counsel was ineffective by failing (1) to request an independent mental competency, criminal responsibility, and diminished capacity assessment, and (2) to object to Dr. Smith conducting the competency and criminal responsibility report and post-trial report.

lack of jurisdiction, or (2) construe such as a motion for authorization to file a successive *habeas* petition pursuant to 28 U.S.C. § 2244(b) and transfer such to the Fourth Circuit for consideration.

Under the AEDPA, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." Title 28 U.S.C. § 2244(b) provides as follows:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application should be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless - -

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

       (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). Petitioner makes no argument that that the factual predicate for his current claim could not have been previously discovered through the "exercise of due diligence" and those facts "establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder" would have found Petitioner guilty. Petitioner appears to contend that he is relying upon McCoy, which is a new rule of constitutional law, made retroactive to cases on collateral review, that was previously unavailable. The Fourth Circuit, however, has held the Supreme Court's decision is McCoy is not retroactive applicable to cases on collateral review. Smith v.

Stein, 982 F.3d 229 (4th Cir. 2020)(finding that "*McCoy* refines the *Gideon [v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)] rule, but it is an extension of a watershed rule rather than a watershed rule itself"), cert. denied, ___ U.S. ___, 141 S.Ct. 2532, 209 L.Ed.2d 558 (2021). Thus, the undersigned finds that Petitioner's Rule 60(b) Motions should not be construed as a Motion for Authorization to File a Successive Habeas Petition Pursuant to 28 U.S.C. § 2244(b) and transferred to the Fourth Circuit.

Based upon the foregoing, the undersigned respectfully recommends that the District Court find Petitioner's Rule 60(b) Motions are in substance a successive *habeas* petition, dismiss such for lack of jurisdiction, and decline to construe such as a Motion for Authorization to File a Successive Habeas Petition Pursuant to 28 U.S.C. § 2244(b).

**2.     Motion for Briefing Schedule and Certified Questions:**

In his Motion for Briefing Schedule, Petitioner requests that this Court enter an order requiring Respondent to file an answer to his Rule 60(b) motion within 60 days and that Petitioner be given 45 days to file a reply. (Document No. 50, p. 11 and Document No. 51, p. 6.) In his Motion for Certified Questions, Petitioner requests that this Court certify the following questions to the Fourth Circuit Court of Appeals: (1) "Does a habeas petitioner have a procedural autonomy right, and if so, what is the legal definition of procedural autonomy?;" (2) "If a State court reaches the merits of a claim based on new law, or a holding of the Supreme Court as outlined in FN 6 of Edwards v. Vannoy, No. 19-5807, 593 U.S. __ (2021), then do district courts consider the claim properly presented, or still decline to consider the claim due to non-retroactivity?;" (3) "Does the look through doctrine apply in rule 60(b) proceedings, and if so, can the Court look to the Circuit Courts ruling on the issue?;" (4) "What constitutes initial review of collateral proceedings in states

15

that allow successive state habeas corpus petitions to be filed by a petitioner?;" (5) "Does a West Virginia State habeas corpus petitioner have a procedural autonomy right to ensure all claims are raised, which is required, and that the court rule on those claims in additional to the claims raised by habeas counsel?;" (6) "Because of the procedural body of W. Va. habeas corpus statute, should the ruling in Hicks v. Virginia, 2017 WL 1963900 (E.D. Va. May 11, 2017) . . . be overruled?;" (7) "What is the definition of cause and prejudice to overcome a procedural default?;" and (8) "Does the holding in Dement v. Pszczolkowski, 859 S.E.2d 732 (W. Va. 2021) constitute a clear and authoritative change in law?." (Document No. 50, pp. 9 - 10 and Document No. 51, pp. 6 - 7.) Based upon the undersigned's above recommendation that Petitioner's Rule 60(b) Motion be dismissed, the undersigned recommends that Petitioner's above Motions be denied as moot.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Petitioner's Rule 60(b) Motions (Document Nos. 50, pp. 1 - 9 and Document No. 51, pp. 2 - 6) for lack of jurisdiction, **DENY as moot** as Petitioner's Motion for Briefing Schedule and Certified Questions (Document No. 50, pp. 9 - 11 and Document No. 51, pp. 6 - 7.), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed

Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner and counsel of record.

Dated: February 22, 2022.



Omar J. Aboulhosn
United States Magistrate Judge