# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

| | |
|---|---|
| **BRIAN C. MORGAN,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Civil Action Nos. 2:13-20212 |
| | ) |
| **DAVID BALLARD, Warden,** | ) |
| | ) |
| Respondent. | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's "Motion(s) to Reconsider Denial of Rule 60(b) Motion and to Certify Question" (Document No. 60), filed on May 15, 2023. Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court deny Petitioner's above Motion.

### PROCEDURAL HISTORY

On June 27, 2007, the Grand Jury of Jackson County, West Virginia, returned an Indictment against Petitioner, charging him with 5 counts of First Degree Sexual Assault in violation of West Virginia Code § 61-8B-3(a)(2) (Counts 1 - 5), and 10 counts of Possession of Child Pornography in violation of West Virginia Code § 61-8C-3 (Counts 6 - 15). State v. Morgan, Criminal Action No. 07-F-46 (Cir. Ct. Jackson Co. March 24, 2009); (Document No. 20-1.) On March 19, 2008, following a two day jury trial, Petitioner was convicted of all counts. (Document No. 20-10, pp. 509 - 512.) By Order entered on June 11, 2008, and subsequently corrected by Order entered on March 24, 2009, Petitioner was sentenced to a combined term of thirty-four (34) to seventy four (74) years of incarceration. (Document No. 20-2.)

On July 10, 2009, Petitioner, by counsel, J.L. Hickok, filed his Petition for Appeal with the West Virginia Supreme Court of Appeals, raising the following assignments of error:

1. The Court erred in finding Petitioner's statement to the police to be voluntarily given and admissible into evidence since the setting for the statement was clearly custodial.

2. The Court erred in finding Petitioner's statement to the police to be voluntarily given and admissible into evidence since Petitioner's diminished capacity to understand the officers led him to believe that they were trying to help him and not punish him.

3. The Court erred in finding Petitioner's statement to the police to be voluntarily given and admissible into evidence since Petitioner's answers indicate that he was not voluntarily confessing.

4. Use of Petitioner's involuntary statement against him was a denial of due process, and therefore, he is entitled to a new trial.

(Document No. 20-3.) The West Virginia Supreme Court refused Petitioner's Petition for Appeal by Order entered on October 29, 2009. (Document No. 20-4.)

On May 16, 2010, Petitioner, acting *pro se*, filed a Petition for Writ of *Habeas Corpus* in the Circuit Court of Jackson County. Morgan v. Ballard, Civil Action No. 10-C-67 (Cir. Ct. Jackson Co. Nov. 19, 2011); (Document No. 2, pp. 2 - 3 and Document No. 20-6, p. 12.) The Circuit Court appointed Matthew A. Victor as *habeas* counsel. (Document No. 20-6, p. 29.) On June 28, 2010, Mr. Victor filed an Amended *habeas* Petition on behalf of Petitioner. (Id.) Petitioner raised the following grounds for *habeas* relief:

1. Ineffective Assistance of counsel:
   a. Failure to seek an independent mental competency, criminal responsibility and diminished capacity evaluation;
   b. Failure to protest petitioner's desire to testify;
   c. Failure to hold a hearing on voluminous evidence which petitioner believed should have been excluded pursuant to Rule 404(b);

2

|   |   |   |
|---|---|---|
| | d. | Counsel failed to recognize problems with petitioner's involuntary confession as addressed in <u>Missouri v. Seibert</u>, 542 U.S. 600 (2004); |
| | e. | Failure to raise the issue of prompt presentment; |
| | f. | Allowing Dr. Ralph Smith to perform the competency and criminal responsibility evaluation and draft the post-trial report; |
| | g. | Abandonment of petitioner's motion to examine the victim; |
| | h. | Failure to interview the victim; |
| | i. | Failure to challenge the seating of biased jurors; |
| | j. | Introduction of evidence of an additional assault upon the victim by the petitioner; and |
| | k. | Failure to argue that conviction of ten counts of possession of distribution and exhibiting of material depicting minors engaged in sexually explicit conduct, W. Va. Code § 61-8C-3, should have been limited to one count thereby violating the double jeopardy prohibition. |

(<u>Id.</u>) An omnibus hearing was conducted on February 14, 2011. (Document No. 20-6, p. 12.) The Circuit Court heard testimony from D.W. Bostic, Petitioner's trial counsel. (<u>Id.</u>, p. 30.) After addressing the merits of the above claims, the Circuit Court denied Petitioner's Petition for Writ of *Habeas Corpus* by Order entered November 19, 2011. (Document No. 2, p. 3.)

On January 3, 2012, Petitioner, by counsel, Matthew A. Victor , filed a Petition for Appeal from the Circuit Court's decision, raising the following grounds:

| | | |
|---|---|---|
| 1. | | Ineffective Assistance of counsel: |
| | a. | Failure to seek an independent mental competency, criminal responsibility and diminished capacity evaluation; |
| | b. | Failure to protest petitioner's desire to testify, resulting in disastrous testimony; |
| | c. | Failure to hold a hearing on voluminous evidence which petitioner believed should have been excluded pursuant to Rule 404(b) of the West Virginia Rules of Evidence; |
| | d. | Failure to require notice of the alleged Rule 404(b) evidence; |
| | e. | Failure to recognize problems with petitioner's confession as addressed in *Missouri v. Seibert*, 542 U.S. 600, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004); |
| | f. | Allowing Dr. Ralph Smith to perform the competency and criminal responsibility evaluation and draft the post-trial report; |
| | g. | Failure to raise the issue of prompt presentment; |

3

      h.      Abandonment of petitioner's motion to examine the victim;
      i.      Failure to interview the victim'
      j.      Failure to challenge the seating of biased jurors;
      k.      Introduction of evidence of an additional assault upon the victim by the petitioner; and
      l.      Failure to argue that conviction of ten counts of possession of distribution and exhibiting of material depicting minors engaged in sexually explicit conduct, W. Va. Code § 61-8C-3, should have been limited to one count thereby exposing petitioner to double jeopardy.

(Document No. 20-7.). By Memorandum Decision entered on January 14, 2013, the West Virginia Supreme Court of Appeals affirmed the decision of the Circuit Court. (Id.); Morgan v. Ballard, 2013 WL 149602 (W.Va. Jan. 14, 2013).

On July 16, 2013, Petitioner, an inmate at Mount Olive Correctional Complex ["MOCC"], and acting *pro se*, filed his Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody and an Application to Proceed *in Forma Pauperis*.[1] (Document Nos. 1 and 2.) Petitioner alleges the following grounds for *habeas* relief:

1.    The constitutional guarantee against double jeopardy, as secured by the Fifth Amendment to the Constitution of the U.S.A. was violated when petitioner was indicted, tried and convicted for ten violations of W. Va. Code § 61-8C-3 and when the Circuit Court imposed consecutive sentences.

2.    Petitioner was denied meaningful and effective assistance of counsel as secured by the First, Sixth, Eighth and Fourteenth Amendments to the Constitution of the U.S.A. by the acts of commission and the acts of omission of William D. Bostic, defense counsel.

    (a)    William T. Bosic failed to seek an independent mental competency, criminal responsibility and diminished capacity assessment.

---

[1] Because Petitioner acted *pro se* initially in this matter, the documents which he has filed in this case will be held to a less stringent standard than if they were prepared by a lawyer and therefore, they will be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

    (b)    Mr. Bostic failed to protest petitioner's desire to testify.

    (c)    Mr. Bostic failed to demand a hearing on voluminous evidence which should have been excluded pursuant to Rule 404(b), West Virginia Rules of Evidence.

    (d)    Mr. Bostic failed to seek the suppression of the petitioner's statement for violation of the prompt presentment rule.

    (e)    Mr. Bostic allowed Dr. Ralph Smith to perform the competency and criminal responsibility evaluation and draft the post-trial report.

    (f)    Mr. Bostic abandoned petitioner's motion to examine the victim.

    (g)    Mr. Bostic failed to interview the petitioner's cousin, R.M.

    (h)    Mr. Bostic failed to challenge the seating of biased jurors.

    (i)    Mr. Bostic introduced evidence of an additional assault upon R.M. at his grandmother's residence by the petitioner.

    (j)    Defense counsel failed to contest the convictions for ten separate distinct violations of W. Va. Code § 61-8C-3, which should have constituted no more than one count to avoid a violation of the constitutional prohibition against double jeopardy.

    (k)    Defense counsel did not recognize an obvious constitutional problem with the petitioner's confession, the issue having been previously resolved by the U.S. Supreme Court in <u>Missouri v. Seibert</u>, 542 U.S. 600 (2004).

3.    Petitioner was denied a fair and impartial jury trial as secured by the Sixth Amendment to the Constitution of the U.S. when the panel of prospective jurors included biased jurors.

4.    Petitioner's constitutional right against self-incrimination as secured by the Fifth and Fourteenth Amendments to the Constitution of the U.S.A. was violated by the admission at petitioner's trial of an involuntary confession.

5.    Petitioner was denied due process of law as secured by the 5th and 14th Amendments to the Constitution of the U.S.A. and equal protection of the

       laws as secured by the 14th Amendment to the Constitution of the U.S.A. when petitioner was not promptly presented to the Magistrate.

6.     Petitioner should never have been prosecuted under W. Va. Code § 61-8C-3, distribution and exhibiting of material depicting minors engaged in sexually explicit conduct, because the statute is so clearly imprecise on its face that the language cannot be saved by any reasonable construction.

(Document No. 2, pp. 4 - 14.) By Order entered on December 5, 2013, the undersigned denied Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 2.) and directed Petitioner to pay the $5.00 filing fee. (Document No. 11.) Petitioner paid the $5.00 filing fee on December 17, 2013. (Document No. 15.) By Order entered on December 18, 2013, the undersigned directed Respondent to show cause, if any, why Petitioner's Petition should not be granted. (Document No. 16.)

On January 21, 2014, in response to the Court's Order, Respondent filed his Answer, Motion for Summary Judgment and Memorandum in Support thereof with Exhibits. (Document Nos. 19 - 21.) As Exhibits, Respondent attaches the following: (1) A copy of Petitioner's Indictment as filed in State v. Morgan, Case No. 07-F-46 (Cir. Ct. Jackson Co.) (Document No. 20-1.); (2) A copy of the Amended Sentencing Order dated March 16, 2010 (Document No. 20-2.); (3) A copy of the Petitioner's Petition for Appeal as filed with the West Virginia Supreme Court of Appeal on July 31, 2009 (Document No. 20-3.); (4) A copy of the West Virginia Supreme Court of Appeal's Order refusing Petitioner's Petition for Appeal (Document No. 20-4.); (5) A copy of Petitioner's "Petition for Appeal from Denial of Petition for a Writ of Habeas Corpus" as filed with the West Virginia Supreme Court on January 3, 2012 (Document No. 20-5.); (6) A copy of the "Brief of Respondent State of West Virginia" as filed with the West Virginia Supreme Court of Appeals on March 19, 2012 (Document No. 20-6.); (7) A copy of the West Virginia Supreme

Court's "Memorandum Decision" dated January 14, 2013 (Document No. 20-7.); (8) A copy of the transcript of the Competency Hearing as conducted on September 24, 2007 (Document No. 20-8.); (9) A copy of the transcript of the Suppression Hearing as conducted on October 1, 2007 (Document No. 20-9.); (10) A copy of the Trial Transcript (Document No. 20-10.); (11) A copy of the Sentencing Transcript (Document No. 20-11.); (12) A copy of the Habeas Corpus Transcript (Document No. 20-12.); and (13) A copy of the Circuit Court's Competency Order dated August 16, 2007, and Psychiatric Evaluation dated April 13, 2007 (Document No. 20-13.).

On January 22, 2014, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's Motion for Summary Judgment. (Document No. 22.) On February 19, 2013, and July 18, 2014, Petitioner filed his Responses in Opposition. (Document Nos. 24 and 29.) By Proposed Findings and Recommendation entered on August 12, 2014, United States Magistrate Judge R. Clarke VanDervort recommended that Respondent's Motion for Summary Judgment be granted and Petitioner's Section 2254 Petition be dismissed. (Document No. 34.) On August 13, 2014, Judge VanDervort filed a Supplemental Proposed Findings and Recommendation that Petitioner's Motion for Summary Judgment be denied. (Document No. 36.) Petitioner filed his Objections on August 19, 2014 and August 21, 2014. (Document Nos. 39 and 40.) By Memorandum Opinion and Order entered on September 15, 2014, United States District Judge Thomas E. Johnston adopted Judge VanDervort's recommendation, granted Respondent's Motion for Summary Judgment, denied Petitioner's Motion for Summary Judgment, and dismissed the above action. (Document Nos. 41 and 42.) On September 22, 2014, Petitioner filed additional Objections to Judge VanDervort's Propose Findings and Recommendation. (Document No. 45 and 46.) On

October 20, 2014, Petitioner filed a Motion for Certificate of Appealability. (Document No. 47.) By Memorandum Opinion and Order entered on June 12, 2015, Judge Johnston denied Petitioner's Motion for Certificate of Appealability and overruled the Objections as untimely and moot. (Document No. 48.)

On October 4, 2021, Petitioner filed a Motion to File Amicus Brief and for Appointment of Counsel. (Document No. 49.) On October 6, 2021, Petitioner filed a "Motion to Re-open Judgment Rule 60(B)(6) and for Certified Question to the Fourth Circuit of Appeals, and Appointment of Counsel." (Document No. 50.) On December 13, 2021, Petitioner filed a "Motion for Leave to File Amended Motion for Relief of Judgment Rule 60(b)(6), Motion for Briefing Scheduling Order, and Motion for Certified Questions." (Document No. 51.) By Proposed Findings and Recommendation entered on February 22, 2022, the undersigned recommended that the District Court dismiss Petitioner's Rule 60(b) Motions (Document Nos. 50, pp. 1 - 9 and Document No. 51, pp. 2 - 6) for lack of jurisdiction, and deny as moot Petitioner's Motion for Briefing Schedule and Certified Questions (Document No. 50, pp. 9 - 11 and Document No. 51, pp. 6 - 7). (Document No. 53.) Following the granting of an extension of time, Petitioner filed his Objections on March 9, 2022. (Document No. 57.) On July 1, 2022, the District Court overruled Petitioner's Objections, adopted the undersigned's Proposed Findings and Recommendation, dismissed Petitioner's Rule 60(b) Motions (Document Nos. 50, pp. 1 - 9 and Document No. 51, pp. 2 - 6) for lack of jurisdiction, and denied as moot Petitioner's Motion for Briefing Schedule and Certified Questions (Document No. 50, pp. 9 - 11 and Document No. 51, pp. 6 - 7). (Document No. 59.) On May 15, 2023, Petitioner filed the instant Petitioner's "Motion(s) to Reconsider Denial of Rule 60(b) Motion and to Certify Question" (Document No. 60.)

8

## ANALYSIS

In his "Motion(s) to Reconsider Denial of Rule 60(b) Motion and to Certify Question," Petitioner states that he seeks reconsideration of the District Court's decision denying "Petitioner's Rule 60(b) Motion and Motion to Certify Question." (Document No. 60, p. 1.) Specifically, Petitioner contends that the following findings by the District Court were "partially erroneous": (1) "This Court ruled that Petitioner's motion was a successive habeas petition, which was subject to the preauthorization requirements;" and (2) "[T]he Court ruled that Petitioner's motion constituted an abuse of writ." (Id.) In support, Petitioner explains that in his initial Rule 60(b) Motions, "Petitioner both directly attacked his conviction and sought a remedy for a perceived flaw in his 2254 proceeding namely, the district court's finding that certain claims raised in his 2254 petition were procedurally defaulted, as well as arguments regarding the Court's denial of Petitioner's motion to file objections out of time." (Id., p. 2.) Citing Richardson v. Thomas, 930 F.3d 587, 596 (4th Cir. 2019), Petitioner states that the "Fourth Circuit Court of appeals recently explained that a movant under Rule 60(b) does not raise 'a new habeas corpus claim, or attack the federal court's previous denial of the claim on the merits, when he 'merely asserts that a previous ruling which precluded a merits determination' such as 'a denial for . . . procedural default' was erroneous." (Id.) Petitioner, therefore, argues that he "could properly challenge the district court's finding of procedural default in a Rule 60(b) motion." (Id.) Second, Petitioner contends that Judge VanDervort applied an incorrect standard when considering one of Petitioner's claims (insufficient evidence claim) as asserted in his Section 2254 Petition. (Id.) Finally, Petitioner states that he "seeks reconsideration of the procedural autonomy issue also." (Id., p. 3.) Petitioner concludes that reconsideration should be granted because this Court did not "offer" Petitioner the "opportunity to

9

elect between deleting his successive 2254 claims or having his entire motion treated as a successive 2254 petition." (Id., p. 4.)

Where a party files a motion for reconsideration of a final judgment without referencing a specific Rule under the Federal Rules of Civil Procedure, courts consider the motion under either Rule 59(e) or a Rule 60(b)." CNF Constructors, Inc. v. Donohoe Construction Co., 57 F.3d 395, 400 (4th Cir. 1995)(internal quotations omitted)("[W]e have stated that '[i]n cases where a party [subsequently] submits a motion . . . which is unnamed and does not refer to a specific Federal Rule of Civil Procedure, the courts have considered that motion either a Rule 59(e) motion to alter or amend judgment, or a Rule 60(b) motion for relief from a judgment or order"). Rule 59(e) provides that "[a] motion to alter or amend the judgment must be filed no later than 28 days after the entry of judgment." Fed.R.Civ.P. 59(e).[2] Plaintiff's above Motion for Reconsideration does not fall within the scope of Rule 59(e) because Plaintiff filed the Motion approximately ten months after the District Court's Order (Document No. 59). In order for this Court to properly consider Plaintiff's Motion, such must be considered under Rule 60(b).

---

[2] The decision to alter or amend a judgment under Rule 59(e) is within the sound discretion of the trial court. *City of Richmond v. Atlantic Co.*, 273 F.2d 902, 916 (4th Cir.1960); *also see United States v. Torain*, 77 F. Supp. 2d 749, 751 (S.D.W.Va. 1999)(citing *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989)); *Perkins v. United States*, 848 F.Supp. 1236 (S.D.W.Va. 1994). The Fourth Circuit has recognized the following "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)(citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1046, 1419 (D.Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). "The burden to show adequate grounds is on the party seeking the alteration or amendment." Long v. Richmond, 2022 WL 14915627, * 2 (S.D.W.Va. Oct. 25, 2022)(citing 11 Wright, Miller & Kane, *Fed. Prac. & Proc. Civ.* § 2803 (3d ed.)). A Rule 59(e) motion should not be granted where the moving party simply seeks to have the court "'rethink what the Court ha[s] already thought through—rightly or wrongly.'" *Torain*, 77 F. Supp. 2d at 751(quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)); *also see CytImmune Sciences, Inc. v. Paciotti*, 2016 WL 6879942 (D.Md. Nov. 22, 2016)(A motion to reconsider "is not a license for a losing party's attorney to get a second bite at the apple."); *Lynn v. Monarch Recovery Management, Inc.*, 953 F.Supp2d 612, 620 (D.Md. 2013)(A motion for reconsideration is not "the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's ruling will not support such a request.").

Rule 60(b) of the Federal Rules of Civil Procedure "invest[s] federal courts with the power in certain restricted circumstances to vacate judgments whenever such action is appropriate to accomplish justice." Compton v. Alton S.S. Co., 608 F.2d 96, 101-02 (4th Cir. 1979)(citation and internal quotation omitted). Specifically, Rule 60(b) allows a civil litigant to seek relief from a final judgment and request the reopening of his case based on the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). As a threshold matter, "[t]o bring himself within Rule 60(b), the movant must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstance." Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984.) The above threshold requirements derive from "a well settled principle of law that a Rule 60(b) motion seeking relief from judgment is not a substitute for a timely and proper appeal." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993)(citing Ackerman v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed.207 198 (1950)). Generally, after a movant has satisfied the above threshold requirements, the movant can attempt to satisfy one of the six grounds set forth in Rule 60(b) above. The Fourth Circuit, however, has acknowledged that the

court "need not address whether [a] movant satisfied the four threshold requirements [ ] if we find the movant has not sufficiently satisfied one of the Rule 60(b) grounds for relief." Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010).

Assuming without deciding that Petitioner can demonstrate satisfaction of the threshold requirements, the undersigned finds that Petitioner cannot show he is entitled to relief under any of the specific grounds of Rule 60(b). Initially, the undersigned notes that Petitioner does not reference any of the grounds for relief set forth in Rule 60(b). First, Petitioner argues that the District Court made "partially erroneous" findings in its Order denying Petitioner's initial Rule 60(b) Motions (Document No. 59). Liberally construing the foregoing claim, Petitioner appears to be asserting that the District Court made a "mistake" in its findings thereby entitling Petitioner to relief under Rule 60(b)(1).[3] See Kempt v. United States, 596 U.S. 528, 534, 142 S.Ct. 1856, 1862, 213 L.Ed.2d 90 (2022)(A "mistake" under Rule 60(b)(1) "covers all mistakes of law made by a judge.") Specifically, Petitioner appears to argue that the District Court made an "erroneous" finding when determining that Petitioner could not challenge "procedurally defaulted" claims in his initial Rule 60(b) Motions. Citing Richardson v. Thomas, 930 F.3d 587, 596 (4th Cir. 2019), Petitioner states that the "Fourth Circuit Court of appeals recently explained that a movant under Rule 60(b) does not raise 'a new habeas corpus claim, or attack the federal court's previous denial of the claim on the merits, when he 'merely asserts that a previous ruling which precluded a merits determination' such as 'a denial for . . . procedural default' was erroneous." (Document No. 60, p.

---

[3] "A judgment is not 'void' under Rule 60(b)(4) merely because it is erroneous." *Cromer v. Kraft Foods North America*, 390 F.3d 812, 817 (4th Cir. 2004). "An order is 'void' for purposes of Rule 60(b)(4) 'only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law.'" *Campbell v. Beane*, 2012 WL 2998576, * 2 (S.D.W.Va. July 23, 2012)(quoting *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005)).

2.) A review of the record clearly reveals that the District Court was well aware of the standards set forth in Gonzalez v. Crosby, 545 U.S. 524, 529, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) and Richardson v. Thomas, 930 F.3d 587 (4th Cir. 2019). (Document No. 59, pp. 5 – 8.) Plaintiff's arguments as to why the Court should reconsider his initial Rule 60(b) Motions are merely attempts to rehash previous arguments already considered by the District Court. (See Document No. 58, pp. 3 - 4); also see Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991)(finding dismissal of a Rule 60(b) motion proper where motion "basically revisited, albeit in somewhat different forms, the same issues already addressed and dismissed by the court' "because "revisiting the issues already addressed 'is not the purpose of a motion to reconsider"). These arguments were not persuasive then and are not persuasive now. As determined by the District Court, Petitioner's double jeopardy and insufficiency of the evidence claims were decided on the merits. (See Document No. 34, pp. 9 – 15.) Despite a finding that Petitioner's insufficiency of evidence claim was unexhausted, Judge VanDervort proceeded and addressed the claim on the merits. (Id., pp. 13 – 15.) Thus, the District Court correctly rejected Petitioner's claim that his initial motions under Rule 60(b) were "true" Rule 60(b) motions because one of the claims asserted in his Section 2254 Petition was not decided on the merits, which fell under the exception set forth in Gonzalez and Richardson. (See Document No. 59, pp. 7 – 8.) Accordingly, the undersigned finds there was no error or mistake by the District Court regarding the foregoing.

Next, Petitioner contends that Judge VanDervort applied an incorrect standard when considering one of Petitioner's claims (insufficient evidence claim) as asserted in his Section 2254 Petition. (Document No. 60, p. 2.) Specifically, Petitioner contends that Judge VanDervort erred by failing to consider this claim *de novo*. (Id.) Although Petitioner acknowledges that Judge

13

VanDervort determined the issue was unexhausted, Petitioner contends that Judge VanDervort incorrectly gave deference to the State Court's findings on the issue pursuant to Section 2254(d). (Id.) There is no allegation or indication that above issue was asserted in Petitioner's initial Rule 60(b) Motions (Document Nos. 50 and 51) or addressed by the District Court in the denial Order (Document No. 59) that is now the subject of Petitioner's Motion for Reconsideration. Thus, Petitioner has wholly failed to demonstrate that he is entitled to relief pursuant to any of the grounds set forth in Rule 60(b). Even had such an argument been asserted as an alleged "mistake" in his initial Rule 60(b) Motions, the claim would have been untimely. A Rule 60(b)(1) filing must be "made within a reasonable time," which means no more than a year after the entry of the judgment or order. Kempt, 596 U.S. at 533, 142 S.Ct. at 1861. The District Court adopted Judge VanDervort's Proposed Findings and Recommendation on September 15, 2014 (Document Nos. 41 and 42), approximately seven years before Petitioner filed his initial Rule 60(b) Motions (Document Nos. 50 and 51). Moreover, the record clearly refutes Petitioner's claim that Judge VanDervort applied the incorrect standard. (See Document No. 34, pp. 13 – 15.) After determining Petitioner's insufficiency of evidence claim was unexhausted, Judge VanDervort proceeded to consider the merits of the claim *de novo*. (Id.) Petitioner's claim that Judge VanDervort gave deference to the State Court's decision on an unexhausted claim is nonsensical as there were no findings or decision by the State Courts for deference to be applied.[4]

Finally, Petitioner states that he "seeks reconsideration of the procedural autonomy issue also." (Document No. 60, p. 3.) Plaintiff has failed to demonstrate that he is entitled to relief under any of the grounds set forth in Rule 60(b) as to the above claim. Again, Petitioner merely appears

---

[4] Judge VanDervort determined that "Petitioner neither asserted the above claim in his direct appeal or in his State *habeas* proceedings." (Document No. 34, p. 14.)

to request that the District Court reconsider its prior decision on this issue. The foregoing, however, is an improper ground for relief under Rule 60(b). See United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982)("Where a motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b).") Although Plaintiff may disagree with the District Court's decision, such a disagreement does not present the requisite exceptional circumstance to gain reconsideration under Rule 60(b).

Based upon the foregoing, the undersigned respectfully recommends that the District Court deny Petitioner's "Motion(s) to Reconsider Denial of Rule 60(b) Motion and to Certify Question" (Document No. 60).

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's "Motion(s) to Reconsider Denial of Rule 60(b) Motion and to Certify Question" (Document No. 60), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to send a copy of the same to Petitioner and counsel of record.

Dated: January 18, 2024.

Omar J. Aboulhosn
United States Magistrate Judge