IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRIAN C. MORGAN,

                Plaintiff,

v.                                                                 CIVIL ACTION NO. 2:13-cv-20212

DAVID BALLARD,
Warden, Mount Olive Correctional Complex,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

    Pending before the Court is Petitioner Brian C. Morgan's ("Petitioner") Motion(s) to Reconsider Denial of Rule 60(b) Motion and to Certify Question. (ECF No. 60.) Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, this matter was referred to Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 5.) Magistrate Judge Aboulhosn submitted his PF&R on January 18, 2024, wherein he recommended that this Court deny Petitioner's "motion[] to reconsider" the Court's denial of his prior Rule 60(b) motion. (ECF No. 64.) After an extension of time, (ECF No. 67), Petitioner filed timely objections to the PF&R, (ECF No. 69). The Court has since considered Petitioner's motion and objections, the PF&R, and pertinent legal authority, and hereby **OVERRULES** Petitioner's objections, **ADOPTS** the PF&R, and **DENIES** the motion.

1

## I. BACKGROUND

A detailed recitation of the facts of this case can be found in the PF&R and need not be repeated here. (ECF No. 64 at 1–8.) Any necessary facts will be provided as needed in the Court's discussion.

## II. STANDARD OF REVIEW

A. Review of a Magistrate Judge's Findings and Recommendations

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Petitioner has objected, this Court will consider the fact that Petitioner is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978)

B. Motion for Relief from Judgment under Rule 60(b)

"A movant seeking relief from a judgment under Rule 60(b) must make a threshold showing of 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). After a movant has made this showing, the movant must then satisfy one of the

six specific grounds for relief enumerated in 60(b)(1)–(6). *Id.* (citing *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Although a Court may grant relief based on any of these grounds, the Fourth Circuit has held that a Rule 60(b) motion "is not a substitute for a timely and proper appeal." *Dowell*, 993 F.2d at 48 (citing *Ackermann v. United States*, 340 U.S. 193, 198 (1950)). The Fourth Circuit has thus instructed that the "catchall reason" in Rule 60(b)(6) should "be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)–(5). *Aikens v. Ingram*, 652 F.3d 496, 500–501 (4th Cir. 2011) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)). Further, in order to obtain relief under section (b)(6), the motion must "be filed on 'just terms' and within 'a reasonable time.'" *Id.* at 501.

C. Rule 60(b) Motions and the Antiterrorism and Effective Death Penalty Act of 1996

While Rule 60(b) applies to federal civil litigation generally, federal habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); 28 U.S.C. § 2244(b). AEDPA strictly limits the

ability of federal prisoners to file more than one habeas petition. *Banister*, 140 S. Ct. at 1704 (citing *Magwood v. Patterson*, 561 U.S. 320, 333–34 (2010)); 28 U.S.C. §2244(b). Specifically, "[t]o file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements. *Banister*, 140 S. Ct. at 1704 (emphasis added) (citing 28 U.S.C. § 2244(b)(3)(C)). If a movant files a second or successive petition in the district court without first seeking authorization from the court of appeals, the district court must dismiss the petition for lack of jurisdiction. *See United States v. Joy*, 585 F. App'x 33, 34 (4th Cir. 2014); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (per curiam). Of importance here, a habeas petitioner cannot avoid the second or successive gatekeeping mechanism of the AEDPA by raising habeas claims in a filing that he designates as a Rule 60(b) motion. *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

### III. DISCUSSION

A. Analysis

Magistrate Judge Aboulhosn recommended that this Court deny Petitioner's motion to revisit the Court's denial of his previous Rule 60(b) motion—which was actually a second or successive habeas petition dismissed for want of jurisdiction—because Petitioner had not shown any reason for granting such relief. (ECF No. 64 at 12–15.) Petitioner lodges three objections, each aimed at showing a flaw in this Court's prior analysis. None hold water.

Petitioner first argues that the Court erred in finding that his previous Rule 60(b) motion was a second or successive habeas petition and dismissing it. (ECF No. 69 at 2.) This was error, he contends, because his prior motion was actually a mixed motion—that is, a Rule 60(b) motion that addressed the merits of his habeas case (making it an improper second or successive habeas)

4

while also attacking procedural bars that precluded a merits determination of other issues[1] (which is a proper subject of a Rule 60(b) motion, *see generally Gonzalez v. Crosby*, 545 U.S. 524 (2005)). (ECF No. 69 at 2.) And when presented with his mixed motion, he says the Court should have allowed him to "delete the improper claims that d[id] not fall under Rule 60(b), and proceed" on only those claims proper under Rule 60(b), instead of dismissing it in its entirety.[2] (*Id.*)

A review of the record belies this contention. The Fourth Circuit has explained that, in habeas proceedings, a Rule 60(b) motion can only be used to attack "a previous ruling which *precluded* a merits determination." *Richardson v. Thomas*, 930 F.3d 587, 596 (4th Cir. 2019) (emphasis in original). Common examples are findings of a "failure to exhaust, procedural default, or [a] statute-of-limitations bar." *Id.* Importantly, the very presence of a procedural defect is not enough; the procedural defect must be the reason the Court did not reach the merits. *See id.* Here, the Court found procedural flaws in Petitioner's case but nevertheless addressed the merits of each and every claim he made. (ECF No. 59 at 5–8 (reviewing the Court's prior ruling and finding that each claim was ultimately decided on the merits).) As a result, the Court finds

---

[1] Importantly, Petitioner never specifies what procedural bar he believes he addressed in his prior Rule 60(b) motion.
[2] Petitioner alternatively argues that the Court should have also given him the option of "hav[ing] his motion treated as a second or sucessive (sic) petition, and forward[ed] it to the Court of Appeals to determine the merits of the motion." (ECF No. 69 at 2.) The Court could not do that, though, because when an unauthorized second or successive habeas petition appears in a district court, it must be dismissed for lack of jurisdiction. *Richardson v. Thomas*, 930 F.3d 587, 594–95 (4th Cir. 2019) ("In the absence of pre-filing authorization, . . . district court[s] lack[] jurisdiction to consider [successive habeas petitions]."). Nor did the Court have any duty to "forward" the improper petition to the Court of Appeals, as that burden rests on Petitioner alone. *See Banister*, 140 S. Ct. at 1704 ("To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals."); *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004) (declining "to impose on the district courts a blanket policy of mandatory transfer of unauthorized successive petitions to [the Fourth Circuit] for consideration as [pre-filing authorization] motions."). Even if the Court did do so, it would have been a futile act, as the Fourth Circuit has already held that *McCoy v. Louisiana*, 584 U.S. 414 (2018)—the case Petitioner's habeas case hinges on—is not retroactive on collateral attack. *Smith v. Stein*, 982 F.3d 229 (4th Cir. 2020).

that Petitioner did not present a mixed motion and his previous Rule 60(b) motion was in fact a second or successive habeas—in its entirety.[3] The Court thus properly dismissed the filing.

Petitioner's next objection is puzzling. Apparently believing that the Court previously refused to reach the merits because of procedural bars (it didn't), he now claims to have a "procedural autonomy" right to raise any claim, "by any means," seemingly at any time. (ECF No. 69 at 3.) So, in Petitioner's view, he can raise a new claim for the first time in his § 2254 case and have it "considered 'properly presented' for purposes of exhaustion," never mind that the State courts never got the first bite at the apple. (*Id.*) The Court disagrees. "Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review [his] claim and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). This means that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845; *see also Shinn v. Ramirez*, 596 U.S. 366, 378–79 (2022) (explaining how the exhaustion requirement "promote[s] federal-state comity"). The Court thus rejects Petitioner's novel, freewheeling "procedural autonomy" right and finds that § 2254's exhaustion requirement applies to him.

Petitioner's final objection is a non-starter: he claims that "[t]here is no indication that the court has ever" properly applied "the look thru (sic) [doctrine] to actually review" the State court decisions in his case. (ECF No. 69 at 3–4.) Unfortunately for Petitioner, this issue was never

---

[3] Petitioner also complains that "all the PF&R in this matter does is quote cases stating that Petitioner is wrong, but [it] fails to address the merits of Petitioner's claims." (ECF No. 69 at 3.) This, of course, is of no moment: the PF&R simply cited case law to explain how the law supports its conclusions. Also, Petitioner's grievances about not taking up the merits of his case stem from a misunderstanding of the procedural posture of this case. Because the Court has already addressed the merits once, it now lacks jurisdiction—absent authorization from the Fourth Circuit—to assess them for a second time.

6

raised in his motion, and he cannot now raise it for the first time in objections to the PF&R. *Samples v. Ballard*, 860 F.3d 266, 274–75 (4th Cir. 2017). In any event, even if the issue were properly before the Court, it would be of no consequence, because applying the look-through doctrine would require the Court to reassess the merits—an act this Court now lacks jurisdiction to do. *Richardson*, 930 F.3d at 594–95.

B. Certificate of Appealability

The Court has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will be granted only if there is "a substantial showing of the denial of a constitutional right." § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). Because Petitioner has not made a substantial showing of the denial of a constitutional right in the § 2254 Petition and objections to the PF&R, the Court **DENIES** a certificate of appealability. Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2254, Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

*IV.    CONCLUSION*

For these reasons, Petitioner's motion to reconsider is **DENIED**.  (ECF No. 69.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:       March 22, 2024

_____
THOMAS E. JOHNSTON, CHIEF JUDGE